USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 7/29/09

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
:
UNITED STATES OF AMERICA  :
:           09 Civ. 5192 (GEL)
-v.-   :           01 Cr. 864 (GEL)
:
JOSE GREGORIO VALDERAMA RUIZ,  :           **ORDER**
:
Defendant.  :
:
------------------------------------------------------------x

GERARD E. LYNCH, District Judge:

    Jose Gregorio Valderama Ruiz moves pursuant to 28 U.S.C. § 2255 to vacate his conviction for conspiracy to import and distribute ecstasy, and his resulting sentence to 235 months of imprisonment. On June 26, 2009, this Court rejected his claim that his guilty plea was coerced as conclusively refuted by the record of the case. However, as his claim that his retained attorney failed to file a notice of appeal despite being instructed to do so raised issues outside the record, the Court ordered the Government and defense counsel to respond to the petition.

    Defense counsel, Paul E. Warburgh, Jr., Esq., has now filed an affidavit, testifying that Valderama Ruiz never instructed him to file an appeal. According to Warburgh, Valderama Ruiz had adopted from the outset of the case a strategy of seeking leniency through cooperation with the authorities. While the information provided was insufficiently valuable to secure a Government motion for a sentencing departure pursuant to U.S.S.G. § 5K1.1 and 18 U.S.C. § 3553(e), Warburgh asserts that Valderama Ruiz accepted his advice to forgo an appeal in favor of continued cooperation in hopes of securing a reduced sentence pursuant to Rule 35, Fed. R. Crim. P. (Aff. of Paul E. Warburgh, Jr., dated June 30, 2009, at 1-2.)

    In contrast to Warburgh's sworn testimony, Valderama Ruiz presents only unsworn allegations in a memorandum of law. Moreover, Valderama Ruiz's credibility is undermined by his parallel assertions that his guilty plea was involuntary, as these assertions are flatly inconsistent with the record of the proceedings. Under these circumstances, there is no need to conduct an evidentiary hearing. Since Valderama Ruiz has failed to establish an evidentiary record beyond conclusory, unsworn allegations of a dereliction on the part of his lawyer, and since even those allegations are refuted by competent evidence, the petition will be dismissed. See Chang v. United States, 250 F.3d 79, 84-86 (2d Cir. 2001).

    Finally, Valderama Ruiz also briefly argues that his attorney was ineffective at sentencing for failing to seek a downward departure on the basis of his attempted cooperation with the Government. (D. Mem. 9.) A departure pursuant to U.S.S.G. § 5K1.1 is triggered by a Government motion; whether to make such a motion "is confided to the sole determination of the government, subject only to constitutional limitations." United States v. Johnson, 567 F.3d

40, 53 (2d Cir. 2009), citing Wade v. United States, 504 U.S. 181, 185-86 (1992). After United States v. Booker, 543 U.S. 220 (2005), even cooperation that does not, in the Government's view, merit a guideline departure may be taken into account in assessing the "history and characteristics of the defendant" or other factors pertinent to sentencing set forth in 18 U.S.C. § 3553(a). United States v. Fernandez, 443 F.3d 19, 33 (2d Cir. 2006). It is far from clear that defense counsel's tactical choice to emphasize other issues at sentencing (see S. Tr. 1-7, 11-15) fell below an objective standard of reasonable performance, Strickland v. Washington, 466 U.S. 668, 688 (1984), but assuming arguendo that it did, Valderama Ruiz cannot show prejudice. There is no "reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." Id. at 694. As set forth in the Court's careful discussion of petitioner's sentence (S. Tr. 19-25), powerful considerations dictated a stringent sentence here. The Court is fully confident, now having heard the details of Valderama's limited and unsuccessful effort to provide information to the Government, that that information would have had no effect on the sentence imposed.

Accordingly, Valderama Ruiz's motion to vacate his conviction and sentence is denied. Because petitioner has not made a substantial showing of the denial of a constitutional right, a certificate of appealability will not issue.

SO ORDERED.

Dated: New York, New York
July 29, 2009

GERARD E. LYNCH
United States District Judge

2